By the Court.
Ball brought suit in the court of common pleas on behalf of himself and numerous other owners of property abutting on Fourth street in the city o£ Portsmouth, that street having been improved under a scheme contemplating the assessment of the cost and expenses of the improvement upon the abutting property. Suit was brought to enjoin the city from collecting assessments on the property of the plaintiffs for specified items of such cost and expenses as were claimed by them *152 to be payable by the city by force of the provisions of the statute under which the improvement was made. The cause was tried on appeal in the circuit court where as to some of the items an injunction was granted as prayed for. The items which are brought to our attention by the petition in error are the cost of manholes and catch basins at street intersections; tiling in cross streets at such intersections north and south of the street improved, tiling in the intersections and incidental expenses, with respect to which items the injunction was refused by the circuit court. The view urged by counsel for the plaintiffs is that payment of the cost of all these items is charged upon the city by the following provision of Section 53, Municipal Code of 1902: “In all municipalities the corporation shall pay such part of the cost and expense of improvements for which special assessments are levied as council may deem just, which part shall not be less than one-fiftieth of all such cost and expenses; and in addition thereto, the corporation shall pay the cost of intersections.”
With respect to catch basins, manholes and tiling, their location in street improvements is determined by considerations which address themselves to engineers. When they are so located as to become a part of the intersections, the cost of their construction is imposed upon the city in terms which are too plain to admit of interpretation. If there were occasion to seek the reason for the provision of the statute it might be found in the fact that all that is included within the intersections is to be used in the improvement of the crossing streets when such improvement shall *153 be made, and manifest inequality would result from assessing the cost of their construction upon property abutting upon the street first improved.
The item of “incidental expenses” with respect to which the plaintiffs seek an injunction, is for such proportion of the cost of surveying and advertising the improvement as the intersections bear to the whole improvement. It is consistent with the terms of the statute, and with all that is presented for our consideration, to regard the item as included -within the “cost and expenses” of which the corporation is, by the provision quoted, to pay such part as the council may deem just, but not less than one-fiftieth of .the whole. The record shows that the city has paid such minimum proportion thereof and the circuit court properly refused the injunction as to that item.
The judgment of the circuit court will be so modified as to further enjoin all assessments on account of catch basins and manholes and tiling at intersections.

Judgment accordingly.

Spear, Davis, Si-tauck and Price, JJ., concur.